The final case on the call this morning is Case No. 122378, People v. Simms, Agenda No. 4. Counsel, you may proceed. I plead the court, counsel, and Assistant Attorney General Erin O'Connell on behalf of the people. It was 1985 when the commissioner invaded the home of Lillian Frost, sexually assaulted her, and murdered her. The question is now, here we are in 2018, 33 years later. Is it fair to consider Petitioner's convictions in his current life sentence final? Or was the appellate court correct to order even more proceedings on claims that Petitioner has withdrawn? Already, almost two decades of litigation had been completed when Petitioner in 2004 made a strategic choice to withdraw his remaining claims for post-conviction relief. In the appendix at page 72 is the document that he filed titled Withdrawal of Claims. He expressly stated at that time that he was aware that by withdrawing these claims, there would be no evidentiary hearing on them, as this court had ordered in its previous decision. The trial court then issued its order at appendix 73 stating that it accepted Petitioner's withdrawal and it stated no further proceedings remain pending in this court. And that statement was correct. Nothing at that point remained pending in the court. There was nothing there for Petitioner to seek to reinstate when he decided to come back to court 10 years later and say that he wanted to pursue further relief on three claims below his sentencing error at his third death sentencing hearing. Counsel, I know you might want us to go a little bit of a different direction than discretion by the trial judge. But let me ask you, well, partly a factual question and then how you apply this. In 2014, defendant filed the motion to reinstate the petition, right? Correct. And the trial court denied the motion without comment, right? But with it, cited the English case and the Macri case. Correct. Let me just finish and then you can go. And then the appellate court reversed, basically saying the court didn't exercise discretion. But in that, the appellate court held that English and Macri give a trial judge discretion in choosing to reinstate a withdrawn post-conviction petition and went on from there. Is it your position that that was exercising discretion? No. Okay. No, I think it's fair to say that the trial court viewed itself as having no discretion. And that was a correct ruling, that the court doesn't have discretion to permit reinstatement of a withdrawn post-conviction petition. Instead of reinstatement, the appropriate proceeding is to file a new petition. And that is the same as it would be in any other civil case. The civil plaintiff voluntarily dismisses a complaint. He doesn't later come back and say, I want to start this case over again. Instead, he files a new complaint and he follows all the appropriate procedures. So at that point, he would again serve the defendants. And the case would proceed in an orderly fashion based on the new complaint. That was petitioner's remedy here, was to attempt to file a new petition. So I would say, in any case where a petitioner has been withdrawn, and the petitioner has not thought to vacate that dismissal somehow, accepting that he could do that under, say, 214.01, if that judgment is intact, then he has to proceed by filing a petition. And it is subject to debate in certain cases as to whether that should be treated as an initial petition or a successive petition. Ms. O'Connor, did the trial judge specifically say, I don't have any discretion here? No. The court, it was a fairly first order. But I think the court read to Macri and English as saying that there is no ability to reinstate after one year. So your problem is with really the appellate. You think the trial judge was right in his reading of those cases, which was the opposite of the reading fostered by the appellate court, right? I would disagree with some of the underlying reasoning, actually, in English and in Macri. I think that those cases also proceeded on this whole reinstatement concept. And I think if you really go back to sort of first principles, there is no basis for reinstatement, what's required is to file a new petition. So in that sense, I think that those cases, I would dispute some of the underlying premises there, because I don't think the court has discretion to reinstate even within the parameters that would have been permitted under English within the one year. But I think this court is considering this issue as a matter of first impression. And I think it's most important to clarify that reinstatement is not the proper way to go about this. Is there a difference between refiling and reinstatement? Yeah. The difference is refiling is what's required. And the reason that that makes a difference is that at that point, the parties kind of start over and there is a set orderly progression of proceedings. So there are a lot of, I think, procedural oddities in this particular case that show the sort of problematic future of a reinstatement. So here we have a mandate from this court, the trial court, to hold an evidentiary hearing on three claims. Petitioner opted to terminate the proceedings at that point. There are a lot of questions about what it means to reinstate at this point. Well, that's the other question. What language in the statute is the best evidence of the legislature's intent with respect to reinstating a withdrawn petition? What's in the legislation? What's in the statute? It doesn't clearly address any sort of reinstatement. It talks very specifically about the procedural requirements for initial and successive petitions. We would say that those govern this filing, whichever it's construed as. The court, in addition in the PC Act, it did provide for additional proceedings and pleadings as otherwise provided in civil cases. So it is appropriate, especially here where it confirms the point that a refiling is required, to then go to the civil analog, as the appellate court has done in previous cases permitting reinstatement. The key distinction here is that the civil analog permits refiling. It doesn't permit reinstatement. Really, the whole concept of reinstatement was just creating something new out of whole cloth in this circumstance. But things become clearer and more orderly if it's instead viewed as the filing of a new petition and then proceedings on that going forward. Once that distinction is made, I think the question before the court as to whether this petition was successive is pretty clear. It's already in this unusual posture. We already have dozens of PC claims that have been resolved on the merits, and that alone would justify a finding by this court that the petition at this point is successive. The petitioner doesn't attempt to make any argument that he would meet the criteria for filing that, so it would be barred at this point as successive. So on that point, I guess I would just emphasize for the court that what petitioner is seeking is really a departure from ordinary civil practice. Instead, he has to follow the same types of procedures  he has to follow the same types of procedures if he chooses to withdraw or voluntarily dismiss, and his options are at that point to either vacate that order or to file something new. And there's nothing, certainly in the Act, that permits a new procedure as the appellate court has sort of grafted onto the post-conviction process. But if a petitioner is allowed to automatically refile a post-conviction petition within the one year of a voluntary withdrawal, does that give him an unfair advantage over a petitioner who files his petition on time? I think it would. And the court, in this particular case... It would give him an unfair advantage. It would permit him to have additional time for filing an initial petition that an original petitioner filing a petition wouldn't have. So the statute of limitations would be six months for your typical petitioner. The way that this would work, if he gets a one-year grace period, is essentially giving him just an additional year of time that another person coming at this for the first time wouldn't have. So the court... It isn't strictly presented here whether the court would import this sort of one-year grace period. In this case, it's far less excessive, even without reference to the statute, just because of the judgment we have in place adjudicating the claims. There could be potentially further litigation as to whether a petitioner who's trying to file a first petition after withdrawing it is entitled to that additional time. But I don't think that's something the court necessarily needs to reach in this particular case, because it is so clear under these circumstances that he would bar it from being excessive. If there are no further questions, we would ask that the court reverse the appellate court and vacate the appellate settlement. Thank you.  Good morning, Your Honors. My name is Fletcher Hamel, and I represent the petitioner of Lee, Darrell Sims. Please support me, Your Honors. The issue in this case is rather narrow. It's whether a judge has discretion to allow a defendant to restate a previously withdrawn post-conviction petition more than one year after it was withdrawn. And if you look at this issue through the general purpose of the Post-Conviction Hearing Act and through the specific language of Section 122.5, the answer is the judge does have this discretion. And the judge in this case obviously did not exercise this discretion and thereby abused it. I'll start with the overall purpose of the act, because that informs the way this court should interpret the specific language of 122.5. You're basing that argument solely on the provisions of Section 122-5 and not the Civil Practice Act. Is that correct? I am basing this argument on 122-5. I know that the appellate court reached the same conclusion taking a longer route through the Civil Section 217 of the Civil Code of Procedure. I think that the appellate court's reasoning is sound. Based on the language of the three statutes that it based this decision on. However, it's unnecessary because 122.5 provides the discretion that the judge needs. So it's simply easier and more straightforward to look at it that way. When you say discretion, counsel, do you mean that the judge need or need not consider whether the delay was due to culpable negligence? I think that would be a factor that a judge should consider when exercising his discretion. I don't think that's the only factor. I think the judge, particularly in a case like this case, where there is a serious mootness problem that I can't really explain or get around. That would be something to just consider. But it would also be something to consider the nature of the claims. The reason the defendant would do the petition in the first place. For example, in this case, this court found that there was substantial showing that the state suborned Berger during this capitalist legacy period. Now, in this case, that went moot. But if there was another case, that would be a factor to consider, whether or not to allow the defendant to restate his claims. If we agree with you, what does that do to the principle of finality of judgments? Is there no finality? I mean, you just file a motion to withdraw and you've got forever, right? Well, it doesn't really change it much at all. And there's two reasons for that. One, we already have indefinite time periods in the Post-Graduation Hearing Act. The statute of limitations for an original petition is six months, but can be extended indefinitely if the judge finds that the delay was not due to the defendant's culpable negligence. So, in theory, a defendant already can wait 50 or 100 years to file an original petition if they could show no culpable negligence, then it can be allowed. Same thing with successive petitions. They're barred, but if the defendant can show cause and prejudice, there's no limitation. You could have 10 or 12 successive petitions if you can show cause and prejudice somehow. Obviously, it gets harder each time. But if you could, you could go on forever. But the bar gets higher and higher, doesn't it? It does. Would you be able to consider culpable negligence? It would be more and more difficult, sure. But the point is that we already have these indefinite time periods and indefinite limitations on the filings of these petitions. And they should be there because, going back to the original purpose of the Post-Conviction Hearing Act, it is to provide a remedy for people who are incarcerated in violation of their constitutional rights. Its purpose is to do justice. And therefore, it should be construed in a way that allows for doing justice and liberally construed in favor of the defense. So we have things like the cause and prejudice test that allow, or actually listens. Mr. Hamill, back to Chief Justice Carmeier's question, was there anything inherently wrong with 13-217 of the Code of Civil Procedure being voiced on the post-conviction case? I don't think there is anything wrong with that. Section 122.5 allows for further pleadings as generally provided for in civil proceedings. And so a motion to reinstate 13-217 would be something that would be generally applied or provided for in civil proceedings. So there's a choice here for petitioners? You're saying they could come at it either way? I think that the question of whether or not, because Section 217, what it essentially does is it actually removes discretion from the judge. It tells the judge you can't deny a reinstatement or refiling within one year. That would take care of the finality that Justice Garment talked about, right? Well, the issue is, though, with the appellate court and the appellate court's holding, it's not just one year. It's one year for the expiration of the statute of limitations. And since the statute of limitations in a post-conviction proceeding never really expires as long as you can show lack of culpable negligence. And that's actually an inquiry that the appellate court demanded for, was for the judge to find one way or the other whether or not there was a showing of culpable negligence. Just taking the language of 125. Now, again, we're not within one year, so we're not within the plain language of 217. But if you just take using the language of 125 and its general provision that the judge can allow further pleadings and allow it to extend the time limit for further pleadings, that that allows for a broader inquiry by the judge. The judge can look at beyond just culpable negligence and can look at the nature of the claims, can look at the reason why the defendant withdrew in the first place, can look at whether or not the claims changed over the course of time that the petition was done. So it's actually beneficial to the judge for this court to go under 125. Isn't the lack of culpable negligence standard that the appellate court discusses under 13-17 simply a watered-down variant of cause which is required of the cause of prejudice test without any required showing of prejudice? And doesn't that give the defendant more time and less to show? Well, culpable negligence and cause are very similar. A defendant who has voluntarily withdrawn his petition is not in the same position as what it would be a defendant who has had his first petition ruled on its merits. So the cause and prejudice test doesn't really work here. And this is a big problem with the state's argument is that you really can't treat a reinstated petition as a successive petition because the cause and prejudice test doesn't fit. Cause requires there to be some external factor that made it impossible for the petitioner to raise his claim in an earlier petition. But by definition, these petitioners have already raised the claim. So it never would work. You end up with a situation where you would just never have any opportunity to reinstate a withdrawn petition. That would be inconsistent with the purpose of the act which again is to provide these remedies for people who are incarcerated in violation of their constitutional rights. And finally, I would ask this court to consider the practical impact of each of these, you know, our positions here. Given a judge's discretion in this case, simply, it's a five minute hearing. The petition goes in front of the judge, he has an opportunity to look at it and to decide whether or not this is a situation where he should extend the due date for filing this. If he says no, he says no. But on the other hand, if you take the state's position, then no matter what the situation is, you would never allow a petition to be reinstated no matter the circumstances, no matter the merit of the claims. And since the cause and prejudice test would never be met, the petitioner would not be able to file a successive petition. And even looking at this case in particular, obviously there is a mootness issue in this case. But if you change one fact, if you make the alleged perjured testimony at the trial instead of at the capital sentencing hearing, then you would have what this court found to be a substantial claim of violation of defendant's constitutional rights that couldn't be remedied. And that result would be terribly inconsistent with the purpose of the post-conviction hearing. Isn't your position at odds with what appears to be the intent of the legislature over the years in restricting rather than expanding the time limit within which post-conviction relief can be sought? I don't believe it is, because every time they reduced that time limitation, they kept the open-ended culpable negligence exception and the actual innocence exception. So while they do heighten the restrictions, there's always that discretionary safety valve for situations where it would be appropriate and where real justice would be denied if you strictly comply with the rule. Unless this court has any further questions, I would ask that you affirm the above court. Thank you. Thank you. Reply. I think Petitioner's argument has underscored the ways in which his proposed rule undermines the interest of finality and conflict with the Act. He accepts no deadline for purposes of final motion to reinstate, even though the Act clearly sets forth deadlines. And when asked how the trial court should exercise its discretion, offered no clear standard for that. The appellate court was wrong, but at least by referring to culpable negligence, it tried to find some guidance for the exercise of discretion that was consistent with the Act. But this is a sort of standardless discretion that would be implemented apparently on a case-by-case basis, where there's really no need for that sort of a departure from the procedure. The Act says if you file an initial petition, the standard is culpable negligence for late filing. If it's a successive petition, your standard is for the most part cause and prejudice. But I'd also like to emphasize that he's not barred. If he were to come up with evidence of actual innocence, he would also be able to file a successive petition. And the General Assembly has been solicitous of claims of innocence, and the restrictions that it has imposed apply to claims like petitioners where he's alleging errors in the original proceeding. Ms. O'Connell, though, doesn't it seem that if the judge's authority to accept the withdrawal of the petition should carry with it also the authority to reinstate the withdrawal of the petition? I mean, isn't that logical? I think I have two answers to that. Okay. First is that there would be a difference here if the court had when exercising its discretion to permit withdrawal, at that time had the court contemplated a potential reinstatement. That would more arguably be within the scope of that. But how would the court be able to be futuristic about that if somebody withdrew it? But wouldn't that also carry with it his authority and discretion to reinstate it? There is to some extent some effort has to be made by the petitioner, I think, to make clear at the time. That he's going to reinstate it? Well, there are various reasons for withdrawing a PC. So if his circumstances are that he believes it's premature, he can obviously implicit in his withdrawal is the sort of concession that he intends to return. But where's the standard for him to do that? I mean, is it in the statute that he has to give a reason? We would argue that that discretion would be constrained by provisions of the act, but I think more arguably if there is any discretion to permit sort of a reinstatement procedure, it would come at the time of the withdrawal. Now, when he comes back at the point of having a motion to reinstate, you know, at post hoc, then the court has to construe that for what it is, which is a post-conviction petition seeking relief under the act. And at that point, the act sets forth the criteria that he needs to proceed further on that. But just to underscore, he did not do that here. When the petitioner withdrew his claims, he made absolutely clear that he knew he would otherwise receive an evidentiary hearing, and he was giving that up because he had made a strategic choice not to proceed further at that evidentiary hearing. And the court, when it allowed the withdrawal, acted on his discretion with that knowledge of this was going to terminate the case and that he permitted it under those circumstances. So because the act is clear and it sets forth the criteria that apply to the initial excessive PC, there's no reason to create a new sort of extra statutory remedy here of a reinstatement. Instead, petitioners must comply with the act after they withdraw a petition. This petition was clearly successive, and the trial court was correct to deny the reinstatement. We'd ask the court to reverse the call. Thank you. Case number 122378, People v. Sims, will be taken under advisement as agenda number four. Ms. O'Connell, Mr. Fleck, Mr. Hamill, we thank you for your arguments today. You are excused for their thanks.